IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY GARCIA,

    Plaintiff,

vs.                                                    NO. _____

UNITED STATES OF AMERICA,

    Defendant

## **COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**

PLAINTIFF, Gregory Garcia, by and through his attorney of record, RIOS LAW FIRM (Linda J. Rios, Esq.), states and alleges:

## **COUNT ONE**

## **GENERAL ALLEGATIONS AND NEGLIGENCE**

1. At all material times Plaintiff Gregory Garcia (hereinafter "Plaintiff") was a resident of city of Albuquerque, County of Bernalillo, State of New Mexico and of the district and division in which this action is brought.

2. Upon information and belief, the United States Postal Service is a political entity, a governmental entity, federal entity or similar public entity organized and existing under the laws of the Defendant United States (hereinafter "Defendant") and the State of New Mexico. All causes of action arose directly from its activities conducted within Bernalillo County, New Mexico and in this district and division.

3. At all material times, Angela M. Duran was a postal carrier for the United States Postal Service ("USPS") and an employee of Defendant.

4. All events giving rise to this Complaint occurred in Albuquerque, New Mexico.

5.	This claim is brought against the Defendant pursuant to 28 U.S.C. Sec. 2671 et seq. known as the Federal Tort Claims Act. This Court has jurisdiction of this action pursuant to 28 U.S.C. Sec. 1346.

6.	Notice was timely given to the United States of America, United States Post Office on Standard Form 95 pursuant to the Federal Tort Claims Act.

7.	More than six months have passed since the delivery of the Notice.

8.	At all relevant times, Defendant owned, possessed, controlled and/or operated a motor vehicle for the purpose of delivering and transporting mail by postal carriers.

9.	On or about February 8, 2013, USPS driver Angela M. Duran, was operating a 2008 white FFV USPS mail truck in a northerly direction on Espanola Street in Albuquerque, Bernalillo County, State of New Mexico.

10.	At all relevant times, Angela M. Duran was employed by the United States Postal Service as a postal carrier and operated the vehicle described herein with the permission of the Defendant and the United States Postal Service and was acting within the course and scope of her employment.

11.	On or about February 8, 2013, Plaintiff was operating a 2002 blue Jeep in an easterly direction on Central Avenue in Albuquerque, Bernalillo County, State of New Mexico.

12.	At all times hereto, Plaintiff operated his vehicle in a safe and proper manner.

13.	At the aforesaid date and place, Angela M. Duran operated her vehicle in a careless, reckless, and negligent manner in that she was distracted, failed to yield to traffic, failed to exercise due care, failed to pay attention to driving conditions, sped, failed to stop at a stop sign, and failed to yield the right of way.

14.	As a direct and proximate result of the negligent acts and omissions of Angela M. Duran,

while in the course and scope of her employment with Defendant, the vehicles described hereinabove did collide with great force and impact.

15.     As a further direct and proximate result of Defendant and Angela M. Duran's wrongful conduct, Plaintiff Gregory Garcia did suffer injuries and damages including, but not limited to, property damage, loss of use of his vehicle, diminished value of his vehicle, severe and permanent physical injuries, past incurred and future medical expenses, non- medical expenses, loss of income and income opportunity, loss of educational opportunity, loss of life's enjoyment, and severe emotional and physical pain and suffering, additional student loans, and incidental expenses all to Plaintiff's great loss in an amount to be proven at trial.

## COUNT TWO

## RESPONDEAT SUPERIOR

16.     Plaintiff repeats and re alleges each and every allegation contained in Count One hereof as though set forth in full.

17.     Defendant and the United States Postal Service employ postal carriers for the purpose of delivering mail in vehicles owned/and or operated by the United States and the United States Postal Service.

18.     At all times pertinent hereto, Angela M. Duran was an employee, agent, or servant of Defendant and Angela M. Duran was acting within the course and scope of that relationship and in furtherance of the legitimate business activities of Defendant.

19.     Defendant is liable for the injuries and damages sustained by Plaintiff by operation of the Doctrine of Respondeat Superior.

## COUNT THREE

## NEGLIGENCE PER SE

20. Plaintiff repeats and re alleges each and every allegation of Count One and Two hereof as though set forth in full.

21. Angela M. Duran's wrongful conduct in operating her vehicle without due attention, careless driving, reckless driving, failing to yield to traffic, speeding, failure to stop at a stop sign and other driving violations, were in violation of numerous traffic statutes and ordinances of the State of New Mexico including but not limited to the following:  66-7-3, NMSA, Failure to obey traffic laws; 66-8-113, NMSA, Reckless driving;  66-8-114, NMSA, Failure to exercise due care; Failure to yield right of way; 66-7-301, NMSA, Speeding; 66-7-330, NMSA, Failure to stop at a stop sign; 66-8-114, NMSA, Careless driving;  66-7-337, NMSA; and Albuq. City Code 8-2-1-23, 24 Driver's prohibited acts; Failure to keep proper lookout.

22. Plaintiff is a member of the class of persons sought to be protected by said traffic safety statutes.

23. Angela M. Duran and therefore Defendant violated said statutes without just cause or excuse.  Such violations constitute negligence per se.

24. As a direct and proximate result of Defendant's statutory violations, Plaintiff suffered those injuries and damages complained of herein.

25. As a further direct and proximate result of Defendant and Angela M. Duran's wrongful conduct, Plaintiff Gregory Garcia did suffer injuries and damages including, but not limited to, property damage, loss of use of his vehicle, diminished value of his vehicle, severe and permanent physical injuries, past incurred and future medical expenses, non- medical expenses, loss of income and income opportunity, loss of educational opportunity, loss of life's enjoyment,

and severe emotional and physical pain and suffering, additional student loans, and incidental expenses all to Plaintiff's great loss in an amount to be proven at trial.

## COUNT FOUR

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

26. Plaintiff repeats and re-alleges each and every allegation of Counts One, Two and Three hereof as though set forth in full.

27. Defendant knew or should have known at the time they hired Angela M. Duran that she would not adequately or appropriately fill the position of a postal driver.

28. Defendant failed to conduct an adequate and thorough background analysis into Angela M. Duran's driving record.

29. Defendant failed to adequately train Angela M. Duran as an employee.

30. Based on Angela M. Duran's lack of training and driving history, a collision or similar consequence was foreseeable and the general harm to the driving public such as Plaintiff was foreseeable.

31. Defendant knew or should have known that Angela M. Duran did present a threat to the driving public at large.

32. Defendant failed to properly supervise Angela M. Duran, resulting in the collision injuring Plaintiff.

33. The acts, errors and omissions of Defendant including negligent hiring, training, supervision and retention of Angela M. Duran were a proximate cause of the collision which caused injury and damages to Plaintiff as described herein.

34. As a further direct and proximate result of Defendant and Angela M. Duran's wrongful

conduct, Plaintiff Gregory Garcia did suffer injuries and damages including, but not limited to, property damage, loss of use of his vehicle, diminished value of his vehicle, severe and permanent physical injuries, past incurred and future medical expenses, non- medical expenses, loss of income and income opportunity, loss of educational opportunity, loss of life's enjoyment, and severe emotional and physical pain and suffering, additional student loans, and incidental expenses all to Plaintiff's great loss in an amount to be proven at trial.

WHEREFORE, Plaintiff requests relief of this Court against Defendant herein as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For all costs incurred in the prosecution of this action to be reimbursed Plaintiff by Defendant;

3. For interest on all sums awarded hereunder at the statutory rate from date of Judgment until paid in full; and,

4. For such other and additional relief as the Court may deem proper.

                         Respectfully submitted,

                         RIOS LAW FIRM

                         *s/s Linda J. Rios, Esq.*

                         BY: Linda J. Rios
                         ATTORNEYS FOR PLAINTIFF
                         Post Office Box 3398
                         Albuquerque, New Mexico 87190-3398
                         Telephone: [505] 232-2298